1
2
3
4
5
6
7

8                               UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE ESPINOZA,                                   No. 2:20-cv-1770 KJN P

12                  Plaintiff,

13          v.                                        ORDER

14   ROWLAND GARCIA, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.

19          The federal venue statute provides that a civil action "may be brought in (1) a judicial

20   district in which any defendant resides, if all defendants are residents of the State in which the

21   district is located, (2) a judicial district in which a substantial part of the events or omissions

22   giving rise to the claim occurred, or a substantial part of property that is the subject of the action

23   is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

24   this action, any judicial district in which any defendant is subject to the court's personal

25   jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

26          In this case, the claim arose in Los Angeles County, which is in the Central District of

27   California. Therefore, plaintiff's claim should have been filed in the United States District Court

28

                                                      1

1  for the Central District of California.[1]  In the interest of justice, a federal court may transfer a
2  complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v.
3  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
5  States District Court for the Central District of California.
6  Dated:  September 10, 2020

8  espi1770.21

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff appears to allege that West Covina Police Officer Gonzales wrote a false report that resulted in plaintiff's transfer from Seattle to West Covina.  Plaintiff alleges that he was then booked for attempted murder.  It is not clear if the instant action is a civil rights action or a habeas corpus petition.  However, because plaintiff's claims and criminal proceedings arose in Los Angeles County, jurisdiction is appropriate in the Central District whether this action is brought as a civil rights action or a habeas corpus petition.

2