UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESPINOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROWLAND GARCIA, et al.,<br><br>    Defendants. | No. 2:20-cv-08377-DSF (JDE)<br><br>ORDER OF DISMISSAL |

## I.
## INTRODUCTION

On September 3, 2020, Plaintiff Jose Espinoza, an inmate at California State Prison at Corcoran, proceeding pro se, filed with the United States District Court for the Eastern District of California what appears to be an attempt to state a civil rights complaint under 42 U.S.C. § 1983 against certain law enforcement officials who are alleged to have written a false report and "lied to transport" Plaintiff. Dkt. 1 (Complaint). Plaintiff did not pay the applicable filing fee or seek leave to proceed in forma pauperis (IFP). The Eastern District ordered the action transferred to this District on September 14, 2020. Dkt. 3.

On October 5, 2020, the assigned magistrate judge issued an order noting that, as Plaintiff is a prisoner filing a civil action against a government defendant, under 28 U.S.C. § 1915A(b), the Complaint must be dismissed if it fails to state a claim on which relief may be granted. Dkt. 7 (Order) at 2. The Order noted several legal deficiencies with the Complaint and noted that Plaintiff failed to pay the proper filing fee or submit an appropriate IFP request, which rendered the Complaint subject to dismissal. Id. at 3-8. Plaintiff was ordered to, within 30 days: (1) file a First Amended Complaint if he believed he could remedy the defects noted; (2) file a Notice of Intent to proceed with the Complaint if he disagreed with the analysis in the Order or could not add further allegations; or (3) pay the full filing fee or file a fully supported request to proceed IFP if he intended to proceed with the action. Id. at 9-10. Plaintiff was cautioned:

> **if he fails to timely file fully compliant responses as directed in this Order, . . . this action may be dismissed for failure to pay the required filing fees or submit a proper IFP request, failure to state a claim, failure to prosecute, and/or failure to obey a court order.**

Id. at 10.

Plaintiff did not file a timely response to the Order or seek additional time in which to do so.

For the reasons set forth below, the Court dismisses the Complaint.

## II.
## THE ALLEGATIONS IN THE COMPLAINT

Plaintiff's allegations are unclear. The two-page handwritten complaint contains only a few lines of substantive allegations. It alleges John Gonzales picked up Plaintiff in Seattle and "lied to transport him," although the alleged "lie" is unclear, as Plaintiff asserts: "brought for assault book in for attemp

murder." Complaint at 1. For "Claim 1," Plaintiff asserts "Rowland Garcia had John Gonzalez Local Policeman of W. Covina Police Dep. write up False Report and transfer me from one state to another instead of taking straight to the Sherrif station they took me to the ocean." Id. at 2. Plaintiff seeks: "Need to go back to court." Id. Plaintiff also asserts "Rowland daughter work as notorys and for United State Distric Cour." Id. In what may be an attempt to draft a caption to the Complaint, Plaintiff lists Rowland Garcia, John Gonzales, Kathie Companion and the West Covina Police. Id. at 1.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. §1915A(b), the Court must dismiss a complaint by a prisoner seeking redress against a governmental defendant if the complaint fails to state a claim on which relief may be granted. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). When screening a complaint, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (internal citations omitted); see also Iqbal, 556 U.S. at 678. A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the claims are and the grounds upon which they rest. See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

If a complaint fails to state a claim, the Court may provide the plaintiff leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Such leave should be granted if the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). But if, after careful analysis, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

Separately, a party instituting a non-habeas civil action in a district court must pay a filing fee of $400. See 28 U.S.C. § 1914(a).  An action may proceed

despite a failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).

## IV.

## DISCUSSION

### A. The Complaint Fails to State a Claim

To state a claim under Section 1983, a plaintiff must allege that a defendant acting under color of state law caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). A constitutional deprivation is "caused" when a person: (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)); see also Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (per curiam) (liability under § 1983 arises upon a showing of personal participation by the defendant); Johnson, 588 F.2d at 743 (Section 1983 liability only attaches when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made").

#### 1. The Complaint Does Not State A Claim Against the Individual Defendants

Plaintiff does not state a legal basis for his purported claims in the Complaint. Based on Plaintiff's assertion that the defendants "acted under

code of law," the Court liberally construes the Complaint as an attempt to assert Section 1983 claims. As noted, to state a claim for a federal civil rights violation, a plaintiff must allege facts, not conclusions, that each defendant committed some act or failed to take some action that caused a violation of the plaintiff's federal constitutional or statutory rights. Plaintiff has not done so in the Complaint as to any individual defendant.

Kathie Companion is listed in what appears to be the caption of the Complaint. See Complaint at 1. However, the body of the Complaint does not allege any action or inaction by her whatsoever. As such, the Complaint fails to state a claim against Kathie Companion.

The Complaint, alleges "John Gonzales" had Plaintiff "picked up in Seattle" and made an unspecified lie, with Plaintiff brought in for assault and booked for attempted murder. Complaint at 1. Plaintiff then alleges that Rowland Garcia had "John Gonzalez" write a false report, transport Plaintiff to another state, and instead of taking him straight to the sheriff station, took him to the ocean. Plaintiff has not stated a claim for a civil rights violation. Being driven to the ocean, without more, does not plausibly state a violation of any constitutional or federal statutory right. Further, allegations about a lie or a false report, without more, do not demonstrate a violation of Plaintiff's rights. See, e.g., Zahrey v. Coffey, 221 F.3d 342, 347 (2d Cir. 2000) ("The manufacture of false evidence, 'in and of itself,' in the District Court's phrase, does not impair anyone's liberty, and therefore does not impair anyone's constitutional right."); Scott v. Hern, 216 F.3d 897, 911 (10th Cir. 2000) (allegations that a police officer prepared a false report by itself could not support § 1983 claim). Simply asserting a defendant lied, or prepared a false report, without more, does not allege a violation of Plaintiff's constitutional or federal statutory rights.

The Complaint does not state a claim against the Individual defendants.

## 2. The Complaint Does Not State A Claim Against West Covina

"W Covina Police" is listed in what appears to be the caption. Complaint at 1. To the extent Plaintiff names the West Covina Police Department as a defendant, it is not a proper defendant. Local departments within municipal governmental entities are not proper defendants under § 1983. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." (citation omitted)); United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."); see also Smith v. Cty. of Los Angeles, 2013 WL 1829821, at *7 (C.D. Cal. Mar. 12, 2013), Report and Recommendation accepted by 2013 WL 1628609 (C.D. Cal. Apr. 16, 2013).

As the police department is a department of the City of West Covina ("the City"), the City, not the police department, would be the proper defendant. See Spencer v. Vista Police Dep't, 2017 WL 4581551, at *3 (S.D. Cal. Oct. 12, 2017); Rodriguez v. Cty. of Contra Costa, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013).

Treating the allegations against the police department as allegations against City, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)). The municipal entity may not be held liable for the alleged actions of its employees or agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Id. at 690-91.

To the extent Plaintiff seeks to allege that a local government entity violated his constitutional rights, he must allege that: (1) he possessed a constitutional right of which he was deprived; (2) the local government entity had a policy; (3) the policy amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006).

To "withstand a motion to dismiss for failure to state a claim, a Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" Bedford v. City of Hayward, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (citation omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983."). "Monell allegations must be [pled] with specificity." Galindo v. City of San Mateo, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1996) (as amended); see also

Meehan v. Cty. of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (holding two incidents do not establish custom).

Here, the Complaint does not allege a custom or policy employed by the City that caused Plaintiff's alleged constitutional violations. As a result, the Complaint does not state a claim against the City or the police department.

### 3. Leave to Amend Is Not Warranted

The Order issued by the magistrate judge provided Plaintiff notice of the foregoing defects. Plaintiff did not file an amended complaint or file a response to the Order, despite being provided an opportunity to do so. The Court finds the defects in the Complaint are legal defects, not the result of mere inartful pleading. Further, as Plaintiff has not attempted to cure those defects despite notice and an opportunity to do so, leave to amend is not warranted.

## B. Plaintiff Has Not Paid the Filing Fee or Sought Leave to Proceed IFP

As noted, a party instituting a non-habeas civil action in a district court must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).

Here, despite notice, Plaintiff has not paid filing fees or filed a request to proceed IFP. Thus, his case cannot proceed.

## V.

## CONCLUSION AND ORDER

The Complaint fails to state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. § 1915A(a), (b). Further, Plaintiff has not, despite notice, either paid the applicable filing fee or sought leave to proceed in forma pauperis.

/ / /

/ / /

Therefore, it is ordered that this action is dismissed with prejudice and Judgment shall be entered accordingly.

DATED: December 7, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE